## Latham v. McCann.

MORTGAGE FORECLOSURE. DEFECT *of title* is no defence to an action of foreclosure of mortgage given for purchase-money, if the deed contain only a covenant of warranty: otherwise, if it contain a covenant of seizin.

Petition in error to the District Court for Otoe County.

It was an action for the foreclosure of a mortgage given by the defendant McCann to one Bear to secure two notes given by McCann as part of the purchase-money of the mortgage premises. The notes were assigned to the plaintiff after maturity. The defence alleged was a defect in the vendor's title. The plaintiff demurred to the answer; and the demurrer was sustained. Judgment being for the plaintiff, the defendant brought the case here.

*I. N. Shambaugh*, for plaintiff in error.

I. The defence alleged in the answer was good. The plaintiff took the assignment of the note and mortgage long after the maturity of the note, and stands in the place of the mortgagee. If Bear could not enforce payment of the same, neither can the plaintiff.

II. It does not appear that Bear ever had possession of the land; nor does it appear that McCann obtained the possession under the deed from Bear, or that he has ever been in or had such possession. Under such circumstances, the Court will not compel McCann to pay the balance of the purchase-money until the defects in the deed from Frazier to Bear have been cured, and a good title is secured to McCann. See *Steinhauer* v. *Witman*, 1 *Sergt. & Rawle*, 447. The fact that Bear

LATHAM *v.* MCCANN.

gave McCann a warranty deed can make no difference. He had no title himself, and none passed by his deed to McCann. To deny the defence set up would be to compel McCann to bring a new suit on the covenants in his deed, and thus multiply suits between these parties, when all the matters in dispute can be as well determined in this suit, and circuity of action prevented. In modern times, such defences have been almost universally sustained, where the case was such that the whole controversy could be settled in the one suit. See *Rawle on Covenants for Title*, 633. A court of equity, when all the parties in interest are before it, will determine the whole controversy, and not compel the parties to bring new actions, and thus encourage multiplicity of suits. See *Steinhauer* v. *Witman*, 1 *Sergt. & Rawle*, 447 ; *Rice* v. *Goddard*, 14 *Pickering*, 293 ; *Frisbie* v. *Hoffnagle*, 11 *John.*, 50 ; 2 *Nott & McCord (S. C.)*, 166, *note* ; 1 *Edwards's Ch. (N. Y.)*, 305.

*Calhoun & Croxton*, for defendant in error.

A purchaser, in possession of land, cannot be relieved by a court of equity from payment of purchase-money for defect in vendor's title, without fraud charged in the bill or answer, and proved. *Noonan* v. *Lee*, 2 *Black.*, *U. S. R.*, 499 ; *Patton* v. *Taylor*, 7 *Howard*, *U. S. R.*, 159 ; *Bumpus* v. *Platner*, 1 *John. Ch.*, 213–218 ; *Abbot* v. *Allen*, 2 *John. Ch.*, 519 ; *Gouverneur* v. *Elmendorf*, 5 *John. Ch.*, 79 ; *Simpson* v. *Hawkins*, 1 *Dana*, 305, 308, 312 ; *James* v. *McKernon*, 6 *John.*, 543.

The answer does not show a failure of title, nor eviction, nor interferences with McCann's title of possession, nor in any way whatever. He does not claim to be damaged in any manner.

The pretended tender set up in the answer is no

LATHAM *v.* McCANN.

tender.    A tender, to be such, must be absolute and un-conditional.

A conveyance of land by warranty deed carries with it the possession of the land.    3 *Washburn on Real Property*, p. 276, sect. 46 ; 3 *Washburn on Real Property*, p. 121, sect. 16.

And seizin and possession are held to mean the same thing.    3 *Washburn on Real Property*, p. 117, sect. 7.

CROUNSE, J.

The question, whether a defendant in an action brought to foreclose a mortgage given to secure a balance of the purchase-money for premises, for which he has received a deed with covenants of warranty, can, before eviction, interpose the defence of a want of title in his grantor, was, I think, rightly determined by the Court below.

The transaction between McCann and Bear seems to have been an ordinary sale of land, with no suggestion of fraud, accident, or mistake.    Whether McCann bought with reference to the fact he now sets up as affecting the title of Bear or not, we cannot consider. To provide, however, against any disturbance of his possession, he accepted Bear's covenant of warranty, — the grantor's assurance that he should enjoy the premises without interruption by virtue of paramount title.

The parties, in this as in every other case, must be bound by the bargain they have chosen to enter into. The grantor might have demanded a covenant of seizin, — the assurance that the grantor had at the time of making his deed the very estate, both as to quantity and quality, that he professed to convey.    In such case, a failure of title to the land might be interposed in an action on the mortgage.    *Rice* v. *Goddard*, 14 *Pick.*,

## Latham *v.* McCann.

293; *Tallmadge* v. *Wallace*, 25 *Wend.*, 107. So might he have reserved a portion of the purchase-money by agreement to await the clearing-up of any suspicion on the title; but he chose, for some reason, to accept a deed with covenants of warranty. He cannot now come forward and say that he will pay his note and ·mortgage upon certain alleged defects being remedied by Bear's or his assignee's procurement. To claim this is to ask the Court to make a new contract between the original parties. This we cannot do. With no fraud or mistake appearing, they must be held to that entered into by them. On the one side, the land has been conveyed by deed, with a covenant of the grantor that he will protect his grantee in the undisturbed possession of it: on the other hand, the grantee has promised to pay the sum expressed in the mortgage. The grantor, Bear, has kept the agreement on his part. McCann has neither been evicted; nor, as appears, has there been any adverse claim asserted whatever. We cannot anticipate that any will be made; nor can we enter upon the uncertain task of inquiring into the validity or invalidity of any alleged adverse claims. It is the duty, therefore, of McCann to pay his obligation, and rely upon the covenant should he ever be molested in the possession of the land conveyed. *Platt* v. *Gilchrist*, 3 *Sand.*, *N. Y. Superior Ct. R.*, 118; *Leggett* v. *McCarthy*, 3 *Ed. Ch.*, 126; *Van Waggoner* v. *McEwen*, 1 *Gr. Ch. R.*, 412; *Noonan* v. *Lee*, 2 *Black*, *U. S.*, 499; *Thomas* v. *Powell*, 2 *Cox Ch. Cas.*, 394; *Heath* v. *Newman*, 11 *Smedes & Marsh*, 201; *Wiley* v. *Fitzpatrick*, 3 *J. J. Marsh*, 584.

The judgment of the Court below must be affirmed.

Judgment affirmed.